REEDER v. WORKMAN.

1. A QUESTION OF JURISDICTION may be raised at any time, by the parties or by the court, on Circuit or on appeal.
2. A CONTROVERSY WITHOUT ACTION cannot be determined unless the statement is signed by the parties and supported by affidavit, "that the controversy is real, and the proceedings in good faith, to determine the rights of the parties." The statement in this case having been signed only by the attorneys and not sworn to, the court was without jurisdiction.

Before HUDSON, J., Newberry, November, 1891.

In this case, Robert Aldrich, Esq., attorney at law, sat in the place of Mr. Justice Pope, who had been of counsel in the court below. The opinion states the case.

*Mr. J. F. J. Caldwell,* for appellant.

*Messrs. Blease & Blease,* contra.

October 28, 1892. The opinion of the court was delivered by

MR. JUSTICE ALDRICH. On the 16 November, 1891, the following, purporting to be a controversy without action, was brought before the Court of Common Pleas for Newberry County, to wit: "E. Jane Reeder claims to recover of Thomas R. Workman, as the assignee and agent of P. B. Workman, the *pro rata* coming to the following note:

"$511.05. One day after date, I promise to pay unto E. J. Reeder, or her assigns, the sum of five hundred and eleven 05–100 dollars, with interest from date at seven per cent., interest to be paid annually, if not paid, to bear interest, for value received of her this 27 day of December, 1881.

"Test: A. N. DAVIS.          P. B. WORKMAN. [L. S.]"

And Thomas R. Workman, as assignee and agent of P. B. Workman, resists said claim. The following are the facts upon which the said controversy depends: On the 26th day of September, 1881, P. B. Workman executed and delivered his sealed note for three hundred and forty dollars and thirty-three cents, with interest thereon from said date at the rate of

seven per cent. per annum, to E. Jane Reeder; that, on the 8th day of July, 1889, the said P. B. Workman made a payment of thirty-two and 50–100 dollars on said note; that, on the 27th day of December, 1881, the said P. B. Workman made and delivered the note in controversy to the said Reeder; that, on the 7th day of January, 1889, the said P. B. Workman executed and delivered to the said Reeder the following paper:

"STATE OF SOUTH CAROLINA, )
  "County of Newberry.       }

"To all whom it may concern: I, P. B. Workman, hereby agree to pay E. Jane Reeder ten per cent. per annum on the note which the said Reeder holds against myself, it being agreed that said note draws interest from this date; that the person who drew the above paper did not know that the said Reeder held two notes against the said P. B. Workman; that it was intended that said paper referred to both notes; that since the said P. B. Workman made his assignment, he told the said Reeder, had he known there would be any controversy as to the notes, he would have arranged them so that there could have been none; that he wanted her to have her money; that the said P. B. Workman and the said E. Jane Reeder intended the agreement made the 7th day of January, 1889, should refer to the note resisted.

"The question submitted to the court upon this case is as follows: Is the note in controversy barred by the statute of limitations? If this question is answered in the negative, then judgment is to be rendered against Thomas R. Workman, as assignee and agent of P. B. Workman, for the whole amount claimed. (Signed) Blease & Blease, attorneys for E. Jane Reeder; Y. J. Pope, attorney for Thomas R. Workman, as assignee and agent of the assigned estate of Preston Brooks Workman. November 16, 1891."

On the same day, 16th November, 1891, the following order was signed, to wit:

"STATE OF SOUTH CAROLINA, ) *In Common Pleas.*
  County of Newberry.       }

"E. Jane Reeder, plaintiff, *v.* Thomas R. Workman, as assignee and agent of P. B. Workman, defendant.

"A case agreed between the parties above named without

action, dated the 16th day of November, 1891, having been submitted to this court, and after hearing Mr. Y. J. Pope for the said defendant and Messrs. Blease & Blease for the said plaintiff, it is adjudged that the plaintiff recover of the defendant three hundred and three and 13–100 dollars, together with the costs and disbursements of this action.    November 16, 1891.

"(Signed)         J. H. HUDSON, Presiding Judge."

Judgment was entered and docketed by the clerk of said court on the 24th day of November, 1891, in favor of the said plaintiff against the said defendant, for the sum of three hundred and three and 13–100 dollars, with twelve 15–100 dollars costs. From which judgment the said Thomas R. Workman, as assignee and agent as aforesaid, appeals to this court upon the following grounds, to wit: 1st. Because the said alleged agreed statement of facts constituting the said controversy was not made, prepared, or signed by either of the alleged parties to the same.    2d. Because the said alleged agreed statement of facts was not accompanied by the affidavit required by law in such proceedings.    3d. Because the said agreed statement of facts was prepared and signed by the said alleged attorneys for parties without the knowledge or consent of the said Thomas R. Workman.    4th. Because the said agreed statement of facts embraces admissions which are incompetent, and which ought not to have been admitted by the said agent and assignee, in view of his duty to the creditors of the said P. B. Workman.

We are met *in limine* with the question of jurisdiction.. This question may be raised at any time during the trial of a case. *State* v. *Penny*, 19 S. C., 223.    Unlike other questions, it may be raised for the first time in this court.    *Bell* v. *Fludd*, 28 S. C., 315; *Hardin* v. *Trimmier*, 30 *Id.*, 393. And the court, *sua sponte*, may raise it.    *Pool* v. *Brown*, 12 S. C., 557.    The case as brought in the Circuit Court was not an ordinary civil action, but was, to say the most for it, an attempt to submit a controversy without action for the determination of the Court of Common Pleas for Newberry County.    Provision is made for the settlement of legal disputes in this way, and the law of such cases is contained in sections 374, 375, and 376 of the Code.    It being, however, an

extraordinary method of determining rights, the provisions of the statute must be strictly conformed to, in order to bind the parties or to confer jurisdiction upon the court.

Section 374 provides, that "Parties to a matter in dispute which might be the subject of a civil action, may without action agree upon a case containing the facts upon which the controversy depends, and present a submission of the same to any court which would have jurisdiction if an action had been brought." The Code provides that the summons in an action shall be subscribed by the plaintiff or his attorney (sec. 177); that verification of pleadings may be made by the parties or their attorneys (sec. 178). In the matter of submitting a controversy without action, the provision is that the *parties* may without action agree upon a case, &c., and present a submission of the same to any court which would have jurisdiction if an action had been brought. The question arises for the first time in this State, but the practice in New York is for the *parties* to sign the agreement. *Hobart College* v. *Fitzhugh*, 27 N. Y. (13 Smith), 134. It should certainly appear in some way that the parties have bound themselves by the agreement, and are to be bound by the decision, and not, as in this case, come afterwards and repudiate the whole proceedings. Other considerations recommend the construction which we have given to the section under consideration, which is nothing more nor less than to allow the plain terms of the statute to have their legitimate effect; among others, that a different rule would put it in the power of attorneys, without the knowledge of their clients, to submit questions involving all the parties might be worth, for the decision of the courts, and the first intimation that a citizen would have of his ruin would be the arrival of the sheriff with the execution.

Section 374 further provides as follows : "But it must appear by affidavit that the controversy is real and the proceedings in good faith, to determine the rights of the parties." This provision is mandatory. There was no such affidavit. It is only after it is in some way made to appear by the act of the parties themselves that they have agreed upon a case upon which the controversy depends, and present a submission of the same,

&c., and shall have made it to appear by affidavit that the controversy is real, and the proceedings in good faith, &c., that "The court shall *thereupon* hear and determine the case," &c. This being the construction we feel required to place upon the section of the Code under consideration, our conclusion is that the case, as submitted to the court below, was not sufficient to give the court jurisdiction of the parties to the assumed controversy. It is unnecessary to consider the exceptions in detail.

It is the judgment of this court, that the order of the Circuit Judge herein be, and the same is hereby, reversed, and the judgment entered thereon be vacated and set aside.